UNITED STATES DISTRICT COURT

for the

Central District of California

KEISHA MOREHEAD,

    Plaintiff,

vs.

City of Oxnard, Oxnard Police department; Officer Leah Castellano in her individual and official capacity, Officer Kevin Fessler, in his individual and official capacity; and Does 1 through 10.

    Defendant,

Case No.: LACV21-7689-DOC-ADS

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF FEDERAL CIVIL RIGHTS (EIGHTH AND FOURTEENTH AMENDMENT) 42 U.S.C.§ 1983

Plaintiff allege as follows:

## JURISDICTION AND VENUE

1. The court has jurisdiction over this action pursuant to 28 U.S.C. 1331 (federal question) and 28 U.S.C 1343(3) (civil rights). Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C 1392(b).

## INTRODUCTION

2. This is an action for money damages against defendants and arises out of unlawful detainment, excessive force, false imprisonment, and failure to provide medical attention on September 29, 2019. On or around midnight a 911 call pertaining to a woman screaming from an apartment prompted officers to arrive at 3220 Peninsula Road apartment 362 Oxnard California 93035. Upon arriving Officer Castellano and Officer Fessler found the occupant in the apartment with the door closed. The occupant inside was undressed from the waist down in a confused state of mind. They requested entrance into the residence and the occupant stated to the officers, what is the reason to enter the residence. The officers stated that they are

- 1

responding to a call regarding a woman screaming for help. The occupant left the door half open as she walked away and the officers proceeded to enter the apartment behind her. While inside the apartment, officer Castellano began questioning the occupant. Officer Fessler searched the apartment observing discharge contents of the stomach on the walls throughout the residence. Officer Castellano began to ask the occupant about obtaining clothes to put on. The occupant started requesting the officers to leave the apartment. Officer Fessler requested the apartment security guard and the neighbor to 'turn around'. Officer Fessler then asked the occupant to turn around and proceeded to handcuff her. After handcuffing the occupant Officer Fressler requested the occupant to sit on the couch where the questioning continued. Officer Castellano found some sweat pants and dressed the occupant. Shortly afterwards, Officer Fessler stood the occupant up and proceeded to take her into custody without reading her any rights. Officer Castellano began looking in the occupant's purse for identification. Shortly after retrieving the identification and keys the officers proceeded to exit the residence with the occupant. The officers used excessive force in placing the occupant into the police patrol car which resulted in permanent damage/ fracture of the occupants wrist. The officers took the occupant to the Oxnard police detainment center where she was placed in a holding cell for an unknown period without any medical attention.

## PARTIES

3. Plaintiff Dr. Keisha Morehead is a competent adult but was incapacitated at the time of the incident.. She was a resident of Oxnard California.

4. Defendant City Of Oxnard, Oxnard Police Department.

5. Defendant Officer Leah Castellano, in her individual official capacity; does 1 through 10.

6. Defendant and Officer Kevin Fessler; in his individual official capacity; does 1 through 10.

- 2 -

7. Defendants* Officer Kevin Fessler and Officer Leah Castellano, are both Officers in the Oxnard Police Department. They are the individual employees of the Defendant CITY who directly violated Plaintiff's rights.

8. Plaintiff is informed and believes and on that basis alleges that all times herin mentioned, each defendant was the agent, servant and employee of the other defendants and were acting at all times within the scope of their agency and employment and with the knowledge and consent of their principal and employer. At all times herein, defendants and each of them, were acting under the color of state law.

## CLAIM FOR RELIEF EIGHT AND FOURTEENTH AMENDMENTS TO THE U.S CONSTITUTION – 42 U.S.C 1983

9. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 8. Inclusive, of this Complaint as through each allegation was set forth at length herein.

10. On September 29, 2019. On or around midnight a 911 call pertaining to a woman screaming from an apartment prompted officers to arrive at 3220 Peninsula Road apartment 362 Oxnard California 93035. Upon arriving Officer Castellano and Officer Fessler found the occupant in the apartment with the door closed. The occupant inside was undressed from the waist down in a confused state of mind. They requested entrance into the residence and the occupant stated to the officers, what is the reason to enter the residence. The officers stated that they are responding to a call regarding a woman screaming for help. The occupant left the door half open as she walked away and the officers proceeded to enter the apartment behind her. While inside the apartment, officer Castellano began questioning the occupant. Officer Fessler searched the apartment observing discharge contents of the stomach on the walls throughout the residence. Officer Castellano began to ask the occupant about obtaining clothes to put on. The occupant started requesting the officers to leave the apartment. Officer Fessler requested the apartment security guard and the neighbor to 'turn around'. Officer

Fessler then asked the occupant to turn around and proceeded to handcuff her. After handcuffing the occupant Officer Fressler requested the occupant to sit on the couch where the questioning continued. Officer Castellano found some sweat pants and dressed the occupant. Shortly afterwards, Officer Fessler stood the occupant up and proceeded to take her into custody without reading her any rights. Officer Castellano began looking in the occupant's purse for identification. Shortly after retrieving the identification and keys the officers proceeded to exit the residence with the occupant. The officers used excessive force in placing the occupant into the police patrol car which resulted in permanent damage/ fracture of the occupants wrist. The officers took the occupant to the Oxnard police detainment center where she was placed in a holding cell for an unknown period without any medical attention.

11. Plaintiff sues for violations to the Eighth Amendment to the United States Constitution by defendants who subjected plaintiff to brutal and gratuitous force which was unnecessary for any legitimate penal interest and amounted to punishment.

12. Plaintiff sues for violations to the Fourteenth Amendment to the United States Constitution right to be free from gratuitous and excessive force and punishment, and the Fourteenth Amendment right to due process of law.

13. Defendants acted in reckless disregard for plaintiff's rights constituting willful violations of the Eighth Amendment of the United States Constitution.

14. At all times herein mentioned, the CITY OF OXNARD and the OXNARD POLICE DEPARTMENT authorized and ratified the wrongful acts of the individual defendants. The individual defendants' wrongful conduct was the result of policies, practices and customs of the aforementioned defendants to subject persons to outrageous and unreasonable use of force and lack of hospitalization in her incapacitated state.

15. The defendants acted in reckless disregard for the plaintiff's rights constituting willful violations of the Eighth and Fourteenth Amendments to the Constitution of the United States.

16. As a direct and proximate result of the defendants' foregoing wrongful acts, Plaintiff has been hurt and injured in her health, strength, activity and movement of her wrist with physical and nervous pain and suffering, humiliation, hardship, anxiety, distress and anguish.

17. In doing the foregoing wrongful acts, defendants acted in reckless and callous disregard for the constitutional rights of plaintiff. The wrongful acts were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each individual defendant (but not entity defendants, which are immune from such damages) in an amount adequate to punishment the wrongdoers and deter future misconduct.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

a) Compensatory general and special damages according to proof:
b) Exemplary and/or punitive damages against the individual defendants, according to proof;
c) Reasonable attorney's fees and expenses of litigation as provided for by 42 U.S.C 1988 and whatever other provision of law may be applicable;
d) Cost of suit necessarily incurred herein; and,
e) Such further relief as the court deems just or proper.

Dated: September 27, 2021

*[signature]*
9/27/21