**David C. Moore, Esq. (State Bar No. 156114)**
**Caroline M. Park, Esq. (State Bar No. 334008)**
**COLLINS + COLLINS LLP**
**790 E. Colorado Boulevard, Suite 600**
**Pasadena, CA  91101**
**(626) 243-1100 – FAX (626) 243-1111**
**Email:  dmoore@ccllp.law**
**Email:  cpark@ccllp.law**

Attorneys for Defendants
CITY OF OXNARD, OFFICER LEAH CASTELLANO,
and OFFICER KEVIN FESSLER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHA MOREHEAD,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OXNARD, OXNARD POLICE DEPARTMENT; OFFICER LEAH CASTELLANO IN HER INDIVIDUAL AND OFFICIAL CAPACITY, OFFICER KEVIN FESSLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND DOES 1 THROUGH 10,<br><br>Defendants. | CASE NO. 2:21-cv-07689-DOC-ADS<br>*[Assigned to Hon. David O. Carter – Courtroom 9D]*<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br><br>**Complaint Filed: 09/27/2021**<br>**Trial Date:         None** |

**TO ALL PARTIES OF RECORD:**

///

///

///

*23562*

1
**ANSWER TO COMPLAINT**

Defendants **CITY OF OXNARD** ("City"), **OFFICER LEAH CASTELLANO** ("Ofc. Castellano"), and OFFICER KEVIN FESSLER ("Ofc. Fessler") (collectively "Defendants"), by and through their attorneys of record, Collins + Collins LLP, hereby answer the operative complaint filed by Plaintiff **KEISHA MOREHEAD** ("Plaintiff") on September 27, 2021 (Dkt. 1) by admitting, denying, and/or alleging as follows.

## JURISDICTION AND VENUE

1. Answering paragraph 1 of the operative complaint, Defendants admit that the alleged statutory basis for Plaintiff's claims is 42 U.S.C. Section 1983. Defendants admit this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Defendants admit venue is proper. Defendants deny Plaintiff's allegations are actionable under 42 U.S.C. Section 1983 and deny committing acts or omissions that violate 42 U.S.C. Section 1983.

## INTRODUCTION

2. Answering paragraph 2 of the operative complaint, Defendants admit this action arises from an incident on or about September 29, 2019. Defendants deny the remainder of the allegations.

## PARTIES

3. Answering paragraph 3 of the operative complaint, Defendants have insufficient knowledge or information concerning Plaintiff and, on that basis, deny the allegations.

4. Answering paragraph 4 of the operative complaint, Defendants admit that the Oxnard Police Department ("OPD") is a department of the City of Oxnard ("City"), and that the City is a municipal corporation under California law. Except as expressly admitted, Defendants deny the remainder of the allegations.

5. Answering paragraph 5 of the operative complaint, Defendants admit Officer Leah Castellano ("Ofc. Castellano") was working as a sworn peace officer for the OPD at the time of the incident. Defendants have insufficient knowledge or information as to Plaintiff's ignorance as to DOES 1-10 and, on that basis, deny the allegation. Except as expressly admitted, Defendants deny the remaining allegations.

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

6. Answering paragraph 6 of the operative complaint, Defendants admit Officer Kevin Fessler ("Ofc. Fessler") was working as a sworn peace officer for the OPD at the time of the incident. Defendants have insufficient knowledge or information as to Plaintiff's ignorance as to DOES 1-10 and, on that basis, deny the allegation. Except as expressly admitted, Defendants deny the remaining allegations.

7. Answering paragraph 7 of the operative complaint, Defendants admit Ofc. Castellano and Ofc. Fessler were working as sworn peace officers for the OPD at the time of the incident. Defendants deny the allegations that Ofc. Castellano and Ofc. Fessler directly violated Plaintiff's rights. Except as expressly admitted, Defendants deny the allegations.

8. Answering paragraph 8 of the operative complaint, Defendants admit Ofc. Castellano and Ofc. Fessler were working in the course and scope of their employment at the time of the incident. Defendants deny the OPD is an agency. Except as expressly admitted, Defendants deny the allegations.

## CLAIMS FOR RELIEF

9. Answering paragraph 9 of the operative complaint, Defendants incorporate their previous responses to the preceding paragraphs as if set forth fully herein.

10. Answering paragraph 10 of the operative complaint, Defendants admit Ofc. Castellano and Ofc. Fessler were called out to 3220 Peninsula Road, Apartment 362 in Oxnard, California at around 11:31 p.m. on September 28, 2019 to check the well-being of a female screaming from the apartment. Defendants admit Plaintiff was undressed from the waist down when Ofc. Castellano and Ofc. Fessler arrived at Apartment 362 of 3220 Peninsula Road, Oxnard, California. Defendants admit Ofc. Castellano and Ofc. Fessler entered Apartment 362 of 3220 Peninsula Road, Oxnard, California upon receiving Plaintiff's consent to enter. Defendants admit Plaintiff was eventually handcuffed. Defendants admit Ofc. Castellano dressed Plaintiff with sweatpants found in the apartment. Defendants admit Plaintiff's identification was confirmed with Plaintiff's driver's license identification card. Defendants admit Plaintiff was exited from

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax    (626) 243-1111

the residence and taken to Ventura County Main Jail. Defendants deny that Ofc. Castellano and Ofc. Fessler used excessive force on Plaintiff. Defendants have insufficient information and knowledge as to Plaintiff's injuries and on that basis, deny the allegations relating to the extent of purported injuries. Except at expressly admitted above, Defendants deny the allegations.

11. Answering paragraph 11 of the operative complaint, Defendants admit that an alleged statutory basis for Plaintiff's claim is an alleged violation of the Eighth Amendment of the United States Constitution. Except as expressly admitted, Defendants deny the allegations.

12. Answering paragraph 12 of the operative complaint, Defendants admit that an alleged statutory basis for Plaintiff's claim is an alleged violation to the Fourteenth Amendment of the United States Constitution. Except as expressly admitted, Defendants deny the allegations.

13. Answering paragraph 13 of the operative complaint, Defendants deny the allegations.

14. Answering paragraph 14 of the operative complaint, Defendants deny the allegations.

15. Answering paragraph 15 of the operative complaint, Defendants deny the allegations.

16. Answering paragraph 16 of the operative complaint, Defendants have insufficient information and knowledge as to Plaintiff's injuries and on that basis, deny the allegations.

17. Answering paragraph 17 of the operative complaint, Defendants deny the allegations.

## PLAINTIFF'S PRAYER FOR RELIEF

Answering paragraphs a, b, c, d, and e, of this section of the operative complaint, Defendants deny Plaintiff is entitled to any of the relief requested.

///

*23562*

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to the operative complaint. In asserting these affirmative defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is imposed by law on Plaintiff.

1. Plaintiff's Complaint fails to state sufficient facts to constitute a claim upon which relief may be granted against any of these answering Defendants.

2. Plaintiff failed to mitigate or attempt to mitigate damages; therefore if, in fact, any damages have been sustained, any recovery by Plaintiff should be diminished or barred.

3. To the extent that Plaintiff's Complaint raises substantive due process claims under 42 U.S.C. section 1983 *et seq.*, Plaintiff failed to demonstrate or prove any arbitrary or capricious governmental action to sustain that claim.

4. To the extent that Plaintiff's Complaint raises procedural due process claims under 42 U.S.C. section 1983 *et seq.*, Plaintiff failed to exhaust the remedies available under state or administrative law as to some or all of the claims.

5. Plaintiff's Complaint fails to establish that any conduct on the part of Defendants deprived Plaintiff of any right, privilege, or immunity secured by the U.S. Constitution.

6. All acts or omissions complained of herein were taken in accordance with established policies and procedures, in accordance with law, and were thereby privileged.

7. Plaintiff's Complaint fails to establish that any activity alleged to have caused the unconstitutional deprivation implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by any of the Defendants.

8. Plaintiff's damages alleged, if any, were caused by persons other than the named individual Defendants.

9. The conduct of the individually named officers as alleged in Plaintiff's Complaint is privileged and immune under federal and state law.

10. Plaintiff's injuries, if any, are the result of her own negligence.

11. Plaintiff's Complaint fails to state a cause of action under *Monell v. Department of Social Services for the City of New York*, 436 U.S. 658 (1978) because there can be no

*23562*

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

recovery for a federal civil rights violation where there is no constitutional deprivation caused by an expressly adopted official policy or longstanding practice or custom.

12.    Plaintiff was careless and negligent in and about the matters alleged in the Complaint. That carelessness and negligence proximately contributed to the incident and to any injuries, loss, or damaged caused thereby. Accordingly, Plaintiff's right to recover damages is correspondingly reduced.

13.    Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

14.    Defendants, at all times, each acted reasonably, in good faith, and with the reasonable belief that their actions were valid, and each is therefore entitled to qualified immunity.

15.    The doctrine of respondeat superior is not applicable to actions under 42 U.S.C. § 1983.

16.    Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

17.    Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

18.    Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of estoppel.

19.    Defendants are not liable for damages proximately caused by the acts or omissions of third parties or Plaintiff.

20.    Any and all official conduct by Defendants were in good faith and without malicious intent to deprive Plaintiff of her constitutional rights or to cause other injury.

21.    Defendants did not act with reckless disregard or deliberate indifference.

22.    Any and all force used in the incident complained of was reasonable under the circumstances.

23.    The seizure of Plaintiff was regularly and lawfully made in good faith by Defendants acting within the scope of their authority and with reasonable cause at the

*23562*

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax    (626) 243-1111

time of the arrest to believe such arrest was lawful.

24. The seizure and/or arrest of Plaintiff was lawful by Defendants, because Defendants had cause to believe Plaintiff had committed either a misdemeanor, felony, or had violated a local ordinance.

25. An arrest is lawful so long as there is probable cause to arrest the suspect for any offense on the basis of the facts known to the arresting officers. *Devenpeck v. Alford*, 543 U.S. 146 (2004).

26. Defendants acted in self-defense and/or defense of others.

27. There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

28. Plaintiff failed to exhaust the appropriate federal, state, and/or local remedies.

29. Plaintiff's Complaint fails to state a claim upon which an award of punitive damages can be based.

30. Plaintiff is barred from recovery due to the assumption of risk doctrine.

31. Plaintiff failed to comply with the claims filing requirements for actions against public entities and/or their employees.

32. Any and all acts or omissions of Defendants which allegedly caused injuries as set forth in the Complaint were the result of the exercise of discretion and, therefore, Defendants are not liable to Plaintiff for any of the alleged damages, pursuant to *Government Code* § 820.2.

33. The doctrine of qualified immunity applies to discretionary actions of Defendants that did not clearly violate established statutory or constitutional rights of which a reasonable person would have known.

34. Defendants are not liable for damages, if any, alleged in the Complaint in that, pursuant to *Government Code* § 820.4, a public employee is not liable for his or her act or omission in the execution or enforcement of any law.

35. Defendants are not liable for damages, if any, alleged in the Complaint by reason of the provisions of *Government Code* § 820.8, in that a public employee is not liable for

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

an injury caused by the act or omission of another person.

36. Plaintiff fails to establish a cause of action against Defendants under 42 U.S.C. § 1983 because simple negligence, if any, does not constitute a violation of federal civil rights. *Parratt v. Taylor*, 451 U.S. 527 (1981).

37. Defendants are not liable for the damages, if any, alleged in the Complaint by reason of the provisions of *Government Code* § 820.6, in that a public employee is not liable for an injury caused by acting under unconstitutional, invalid, or inapplicable enactments.

38. Defendants are immune from liability because their alleged conduct did not violate clearly established law.

39. Defendants are immune from liability because their conduct was not objectively unreasonable based on the totality of the circumstances.

40. Policy or custom of City cannot be established by one act.

41. Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available. Defendants therefore reserve the right to assert additional defenses that are revealed by further investigation or discovery.

## DEFENDANTS' PRAYER

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by this action;
2. That the action be dismissed;
3. That Defendants be awarded costs of suit; and
4. That Defendants be awarded such other and further relief as the Court may deem just and proper, including an award of attorneys' fees pursuant to 42 U.S.C. section 1988.

///

///

///

///

23562

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

## DEMAND FOR JURY TRIAL

Pursuant to *Federal Rules of Civil Procedure*, Rule 48, and *Central District Local Rules*, Rule 38-1, Defendants hereby demand a trial by jury.

DATED: January 4, 2022          COLLINS + COLLINS LLP

By: _____
CAROLINE M. PARK
DAVID C. MOORE
Attorneys for Defendants
CITY OF OXNARD, OFFICER LEAH CASTELLANO, AND OFFICER KEVIN FESSLER

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

23562

9

ANSWER TO COMPLAINT

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,              )
                                  ) ss.
County of Los Angeles.            )

I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, California 91101.

On this date, I served the foregoing document described as **ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on January 5, 2022 at Pasadena, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_NELLY VERDUGO_

23562

10
**ANSWER TO COMPLAINT**

**KEISHA RENEA MOREHEAD v. CITY OF OXNARD, et al.**
**Case Number: 2:21-cv-07689-DOC-ADS**
**CCLLP File Number: 23562**

**SERVICE LIST**

Keisha Morehead
8540 S. Sepulveda Blvd., Suite 1108
Los Angeles, CA 90045
drkmorehead@gmail.com
**PLAINTIFF IN PRO PER**

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

*23562*

11
**ANSWER TO COMPLAINT**